# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:18-cv-01141-TWP-MPB |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

### ENTRY ON PETITION FOR WRIT OF *CORAM NOBIS* AND ALL PENDING MOTIONS IN THIS CASE NUMBER

This matter is before the Court on Petitioner Brett Kimberlin's ("Kimberlin") Motion to Vacate Conviction Based on Newly Discovered Evidence and/or Confession of Error by the Government (Dkt. 30)--which was converted to a Petition for Writ of Error *Coram Nobis*--and several other motions. Kimberlin has also filed a Motion for Limited Discovery (Dkt. 33), Motion to Strike (Dkt. 45), Motion for Hearing (Dkt. 68), Motion to File New Supplemental Authorities on the Issue of Microscopic Hair Evidence (Dkt. 73), and *pro se* Motion to Supplement Petition for Writ of Error Coram Nobis on Rehaif Issue (Dkt. 77). Also pending is Respondent, the United States of America's Motion for Leave to File Surreply, (Dkt. 64). For the reasons explained below Kimberlin's Motion to Supplement Petition for Writ of Error Coram Nobis on Rehaif Issue, Dkt. 77, is **granted,** and the other Motions are **denied**, including Kimberlin's Petition, as set forth in Docket 1 and his Motion to Vacate Conviction, Dkt. 30.

### I. BACKGROUND

In February 1979, Kimberlin was charged in a 34-count indictment with crimes related to a series of bombings in Speedway, Indiana. Over the course of three trials in 1980 and 1981, Kimberlin was convicted of numerous felonies arising out of his impersonation of a Department

of Defense police officer and eight explosions that occurred in Speedway, Indiana in September 1978. *See United States v. Kimberlin*, 781 F.2d 1247 (7th Cir. 1985). Kimberlin has challenged his convictions on numerous occasions. *See, e.g.*, *id.*; *United States v. Kimberlin*, 805 F.2d. 210 (7th Cir. 1986); *Kimberlin v. United States*, Case No. IP 00-280-C-D/G (S.D. Ind. May 3, 2000). He served his sentences and was released from imprisonment in 2001.

In addition to the convictions challenged in this case, Kimberlin has incurred a 1974 felony perjury conviction in Case No. IP 73-cr-132; and the Government asserts and Kimberlin has not disputed a 1979 felony conviction for conspiracy to distribute marijuana in Texas. (Dkt. 46 at 5).[1]

On April 13, 2018, Kimberlin filed a motion pursuant to 28 U.S.C. § 2255 again challenging his convictions for possessing and wearing a uniform bearing a Department of Defense sleeve patch and illegal use of the Presidential Seal in violation of 18 U.S.C. §§ 912, 701, and 713. (*See* 1:79-cr-7-TWP-MDJ-1, Dkt. 2). On April 27, 2018, in response to an order to show cause why his motion should not be dismissed because he is no longer in custody, Kimberlin notified the Court that his motion to vacate would proceed as a petition for writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651. (Dkt.3.) Kimberlin alleges that he continues to suffer consequences from his convictions for possessing and wearing a uniform bearing a Department of

---

[1] The record does not provide a case number or citation for the Texas felony conviction, but does make several references to its existence. The Seventh Circuit acknowledged that on June 11, 1980, Mr. Kimberlin received a four-year sentence after pleading guilty to conspiracy to possess four thousand pounds of marijuana in a federal court in Texas. *United States v. Kimberlin*, 805 F.2d 210, (7th Cir. 1986). ("He had been indicted for conspiracy to possess and for importation and possession with intent to distribute four thousand pounds of marijuana. The prosecution in Texas was disposed of June 11, 1980, when he was sentenced on a plea of guilty, to one count, and returned to Indiana June 16.") *Id.* at 225. ("The burden on defendant in this case is somewhat heavier because he had been convicted in a federal court in Texas of conspiracy with others from on or about February 7, 1979 to on or about February 16, 1979 to possess marijuana with an intent to distribute.") *Id.* at 237. Based on this record, the Court concludes that the felony conviction still exists.

Defense sleeve patch and possession of a copy of the Presidential Seal. "For example, because these convictions bear on the issue of fraud, Petitioner is unable to apply for or successfully receive government grants." *Id*. at 2.

Later filings by Kimberlin and his attorney, Kevin McShane, expanded his challenges to cover his other convictions arising out of the bombings in Speedway. Sadly, Mr. McShane passed away suddenly on January 2, 2020. [2]

## II. **LEGAL STANDARD**

"The writ of coram nobis, available under the All Writs Act, 28 U.S.C. § 1651(a), provides a method for collaterally attacking a criminal conviction when a defendant is not in custody, and thus cannot proceed under 28 U.S.C. § 2255." *Chaidez v. United States*, 655 F.3d 684, 687 (7th Cir. 2011) (citing *United States v. Folak,* 865 F.2d 110, 112–13 (7th Cir. 1988)). "The writ is an extraordinary remedy, allowed only where collateral relief is necessary to address an ongoing civil disability resulting from a conviction." *Id*. (citing *Godoski v. United States,* 304 F.3d 761, 762 (7th Cir. 2002)).

> *[C]oram nobis* relief is available when: (1) the error alleged is of the most fundamental character as to render the criminal conviction invalid; (2) there are sound reasons for the defendant's failure to seek earlier relief; and (3) the defendant continues to suffer from his conviction even though he is out of custody.

*United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016) (quotation marks omitted) (citing *United States v. Sloan,* 505 F.3d 685, 697 (7th Cir. 2007)).

---

[2] On January 29, 2020, pursuant to Ind. R. Adm. and Disc. 23(27)(c)(2), an Attorney Surrogate for Mr. McShane was appointed by the Marion Superior Court, Probate Division, Case No. 49D08-2001-CB-))1596. Upon appointment, the Attorney Surrogate may do several things, including (among other things): take possession of the files and records of the law practice; obtain information about pending matters notify clients to obtain replacement counsel; apply for extensions of time in pending cases; and make referrals to replacement counsel with the agreement of the client. Ind. R. Adm. and Disc. 23(27)(c)(3).

## III. **DISCUSSION**

Kimberlin has alleged numerous errors in the three trials that led to his convictions in this case. Some of his arguments rely on recent developments in case law which were not available at the time of his prior appeals and collateral attacks. He seeks relief from those convictions asserting that they have interfered with his ability to obtain government grants, sit on a jury in his home state of Maryland, and renew his pilot's license, among other impediments. (Dkt. 3; Dkt. 67 at 28-29.)

The Court assumes, without deciding, that these alleged impediments cause Kimberlin more than merely incidental harm. *Sloan,* 505 F.3d at 697. But because he has been convicted of multiple felonies in separate trials, including a 1974 perjury conviction in this Court, Case No. IP 73-cr-132, and the 1979 conspiracy to distribute marijuana conviction in Texas, (as referenced in *Kimberlin*, 805 F.2d at 225), neither of which are at issue here, a successful challenge to any one conviction will not relieve him of these impediments. *See United States v. Keane*, 852 F.2d 199, 205 (7th Cir. 1988) ("a single felony conviction supports any civil disabilities and reputational injury [a convicted felon] may have to endure").

As discussed in detail below, Kimberlin's challenge to his convictions for impersonating a Department of Defense official fail. Even if he were to successfully overturn his other bombing-related convictions, he would remain a convicted felon on at least the impersonation convictions, and likely his felony perjury and felony drug conspiracy convictions which he does not challenge here. Those felony convictions interfere with his ability to sit on a jury in Maryland state court, renew his pilot's license, and obtain government grants whether his convictions related to the explosions in Speedway are overturned.

"Courts must conserve their scarce time to resolve the claims of those who have yet to receive their *first* decision." *United States v. Sloan*, 505 F.3d 685, 698 (7th Cir. 2007) (quoting *United States v. Keane,* 852 F.2d 199, 203 (7th Cir. 1988)). Kimberlin's liberty is not at stake and overturning his bombing-related convictions would not relieve him of the civil impediments discussed above. Therefore, the Court will analyze Kimberlin's challenge to his false impersonation convictions, but not his other claims.

A.  **Challenge to Convictions Under 18 U.S.C. § 912**

Kimberlin challenges his convictions under 18 U.S.C. § 912, for falsely impersonating a Department of Defense ("DOD") official. (Dkt. 1.) He argues that these convictions violate the First Amendment under *United States v. Alvarez*, 567 U.S. 709 (2012), and contends his trial counsel provided ineffective assistance of counsel when he failed to challenge these charges on First Amendment grounds. (Dkt. 21.) [3] Specifically, Kimberlin argues that his convictions under § 912 violate the First Amendment because his wearing of the uniform and DOD patch while conducting commercial transactions constitutes expressive speech protected by the First Amendment. (Dkt. 1 at 3.) He seeks to extend the reasoning of *United States v. Alvarez*, 567 U.S. 709 (2012), and *United States v. Swisher*, 811 F.3d 299 (9th Cir. 2016), cases which dealt with the Stolen Valor Act of 2005, 18 U.S.C. § 704, to his convictions under § 912.

In *Alvarez*, the United States Supreme Court addressed the constitutionality of the Stolen Valor Act, 18 U.S.C. § 704(b) (which prohibits lying about being awarded military medals) and held it to be invalid under the First Amendment. In *Swisher*, the Ninth Circuit extended the holding in *Alvarez* to § 704(a) (which criminalizes the unauthorized wearing of such medals). *Swisher*,

---

[3] In addition, Mr. Kimberlin challenges his convictions under 18 U.S.C. § 701 for unlawfully possessing an official DOD insignia, and 18 U.S.C. § 713 for illegal use of the presidential seal violate the First Amendment under *Alvarez*, but the Court need not reach these arguments.

811 F.3d at 303-04. However, Neither *Alvarez* nor *Swisher* held convictions under § 912 or § 701, the statutes Kimberlin was convicted under, to be unconstitutional.

Last year, the Seventh Circuit addressed an argument similar to Kimberlin's in *United States v. Bonin*, 932 F.3d 523 (7th Cir. 2019). In *Bonin*, the Seventh Circuit rejected the defendant's attempt to extend the reasoning of *Alvarez* to overturn his conviction under 18 U.S.C. § 912 for impersonating a United States Marshal. The Seventh Circuit squarely held that the acts-as-such clause of § 912 is narrowly drawn to serve the government's compelling interests of protecting the integrity of government processes. *Id*. at 536 (citing *Alvarez*, 567 U.S. at 721).

Undeterred, Kimberlin argues that *Bonin* left the door open for challenges to § 912 in less egregious cases such as his, but this Court disagrees. The Seventh Circuit rejected Bonin's argument that, if allowed to stand, 18 U.S.C § 912 could be used to prosecute people for simply wearing Halloween costumes. But that was in the context of Bonin's void for vagueness challenge, not his facial challenge under *Alvarez*, and the Seventh Circuit ultimately avoided evaluating his void for vagueness challenge because his conduct—claiming to be a U.S. Marshal and displaying a weapon in a theater as a way to intimidate other moviegoers who asked him to stop talking on his cell phone—clearly violated § 912.

The same can be said of Kimberlin's conduct. He was not on his way to a Halloween party when he stopped to have a calendar or party invitations printed. The evidence at his trial demonstrated that he wore a DOD patch on his shirt and attempted to have copies made of the presidential seal. It makes no difference that the copies were never made for Kimberlin. It was reasonable for the jury to conclude that he wore the DOD patch to deceive the copy store employee so that he or she would copy the presidential seal for him and the impersonation was to falsely imply that he was government official. *Bonin* held that public safety and protection of the

reputation of law enforcement were compelling interests and § 912 is narrowly drawn to protect that interest. Thus, Kimberlin's First Amendment challenge is foreclosed by *Bonin*.

As for Kimberlin's ineffective assistance of counsel claim, the Government argues that Kimberlin previously raised ineffective assistance of counsel in his § 2255 motion and is therefore precluded from raising it again here. (Dkt. 37 at 26.) Kimberlin represented himself in his § 2255 motion. He argued that his counsel failed to prepare a defense against these charges. He could have also argued that his counsel failed to raise a First Amendment challenge to the charges. Claims that could have and should have been raised in a § 2255 motion cannot be brought in a petition for writ of *coram nobis*. *See Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999) (§ 1651 is not a "substitute" for § 2255). Kimberlin requests a hearing on this issue because his former trial counsel has submitted an affidavit stating that he performed deficiently in this regard. But counsel's self-assessment that he was ineffective does not change the fact that *Bonin* held that the acts-as-such clause of § 912 is constitutional.

Kimberlin has not shown that a fundamental error renders his convictions under § 912 invalid. Because these felony convictions, and his other unrelated felony convictions are valid, the Court need not address Kimberlin's arguments regarding the alleged errors in his second and third trials which resulted in his conviction on charges related to the explosions in Speedway in the fall of 1978.

**B.     Other Motions**

Kimberlin's Motion for Hearing, Dkt. 68, is **denied** because a hearing is not needed to address his ineffective assistance of counsel claim and his other arguments for a hearing are rendered moot by the Court's holding. His Motion for Limited Discovery, Dkt. 33, and the Government's Motion for Leave to File Surreply in Opposition to Motion for Limited Discovery,

Dkt. 64, are **denied as moot**. Kimberlin's Motion to Strike, Dkt. 45, is also **denied**. The only request to strike that is relevant to this Order is Kimberlin's request to strike reference to his unrelated conviction for conspiracy to distribute marijuana. That conviction is relevant to the question of whether overturning the convictions Kimberlin challenges in this jurisdiction would relieve him of civil disabilities associated with being a convicted felon. The other items listed in Kimberlin's Motion to Strike were not considered by the Court in reaching its decision.

Kimberlin's Motion to Supplement Petition for Writ of Error Coram Nobis on Rehaif Issue, Dkt. [77], is **granted.** In *Rehaif v. United States*, 139 S.Ct. 2191 (2019), the United States Supreme Court held that to convict an individual of illegal firearm possession under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove (1) the individual knew he or she possessed a firearm, and (2) the individual knew that he or she belonged to the relevant category of persons banned from possessing a firearm. Kimberlin asserts that his felon in possession of explosive convictions (violations of 18 U.S.C. § 842(i)(1)), as charged in Counts 23 and 24 of the 34-count indictment, must be vacated because the government never proved at trial that "he had any criminal intent or that he knew he had been convicted of a crime punishable by more than one year." (Dkt. 48 at 1). The evidence presented at Kimberlin's trial does not support this assertion. The Court has considered Kimberlin's Supplement Petition for Writ of Error Coram Nobis on Rehaif Issue, but finds it unpersuasive.

Finally, Kimberlin's Motion to File New Supplemental Authorities on the Issue of Microscopic Hair Evidence, Dkt. 73, now only relates to his motion for DNA testing in the underlying criminal action. The motion is **denied as moot** under this case number because the Court will consider the supplemental authority on microscopic hair evidence in the criminal case.

Accordingly, the Clerk is directed to refile the motion at Dkt. 73, and the related submission by Kimberlin at Dkt. 81, in the criminal case: No. 1:79-cr-00007-TWP-MJD-1.

### IV. CONCLUSION

For the reasons stated above, Kimberlin's Motion to Vacate Conviction Based on Newly Discovered Evidence and/or Confession of Error by the Government, Dkt. [30], as converted to a petition for writ of *coram nobis* is **DENIED**. Kimberlin's Motion to Supplement Petition for Writ of Error Coram Nobis on Rehaif Issue, Dkt. [77], is **GRANTED**. All other pending motions, Dkt. [33], Dkt [45], Dkt. [64], Dkt. [68], are **DENIED**.

His Motion to File New Supplemental Authorities on the Issue of Microscopic Hair Evidence, Dkt. [73] is **DENIED AS MOOT** under this case number and is to be re-docketed by the Clerk to be determined in the related case, **Case No. 1:79-cr-00007-TWP-MJD-1**. The clerk is directed to also re-docket Kimberlin's Submission of Petitioner's Supplement with New Authorities on the Issue of Microscopic Hair Evidence, Dkt. [81], in **Case No. 1:79-cr-00007-TWP-MJD-1**.

The § 2255 motion, Dkt. [2], shall also be terminated in the underlying criminal action **Case No. 1:79-cr-00007-TWP-MJD-1**.

Final judgment consistent with this Order will issue in a separate filing.

**SO ORDERED.**

Date: 2/28/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

Crystal D. Pulley
Surrogate for Attorney Kevin McShane
251 E. Ohio Street
Suite 915
Indianapolis, IN 46204
crystal@gbd.law

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817